UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MAYNOR ESTRADA

                                    Plaintiff,

              -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NYPD OFFICER VLADIMIR RAVICH
SHIELD NO. 14673, NYPD OFFICER SAMANTHA
CABRERA SHIELD NO. 14166, NYPD OFFICER
RAJA DANIELLE, NYPD OFFICER JOSE MALDANDO
SHIELD NO. 561, POLICE OFFICERS, JOHN DOE # 1 to
approximately # 10, The names being fictitious, presently
unknown, in their individual and official capacities as
employees of the New York City Police Department.[1]

                                  Defendants.
-------------------------------------------------------------------------X

**AMENDED COMPLAINT
AND JURY DEMAND**

The Plaintiff, MAYNOR ESTRADA, by his attorney, Patrick C. Carroll, Esq., as and for his Amended Complaint, alleges the following upon information and belief:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and the Fourth Amendment of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York and against Officers RAVICH and MALDONADO, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION and VENUE

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because said district is where a substantial part of the events or omissions giving rise to the claim occurred.

---

[1] The Plaintiff discontinues against Defendants NEW YORK CITY POLICE DEPARTMENT, NYPD OFFICER SAMANTHA CABRERA SHIELD NO. 14166, NYPD OFFICER RAJA DANIELLE and "JOHN DOE # 1 to approximately # 10, The names being fictitious, presently unknown, in their individual and official capacities as employees of the New York City Police Department."

## PARTIES

4. Plaintiff at all times relevant hereto, resided in the State of New York, Nassau County.

5. That at all times hereinafter mentioned and upon information and belief, the defendant THE CITY OF NEW YORK, is a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. That the NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That for all times hereinafter mentioned, the defendant Police Officers RAVICH and MALDONADO were employees of the defendant CITY OF NEW YORK, as police officers employed by THE NEW YORK CITY POLICE DEPARTMENT.

8. That for all times hereinafter mentioned, defendants were acting under color of state and local law, under color of statutes, ordinances, regulations, policies, customs and usages of the CITY OF NEW YORK and the STATE OF NEW YORK.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally, and in their official representative capacities as police officers employed by THE CITY OF NEW YORK through THE NEW YORK CITY POLICE DEPARTMENT. And that each of the acts of the individual defendants alleged herein were done by the individual defendants, and each of them, under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant THE CITY OF NEW YORK.

10. That as a result of the foregoing, defendant THE CITY OF NEW YORK is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. Plaintiff is a small statured Hispanic-American male, then aged 43, working as a women's hair stylist and technician for a hair coloring manufacturer who had never had any contact with the criminal justice system. Plaintiff is diabetic.

12. Plaintiff does not, and has never owned or possessed a firearm of any type. Plaintiff has never handled a firearm at any time in his life.

13. That on January 6, 2011, the Plaintiff was the sole registered owner and operator of a 2009 Honda 4 door passenger car bearing New York State license plate No. EMW7421.

14. That on, and prior to January 6, 2011, the Plaintiff was and had been the sole owner and operator of said vehicle. The Plaintiff is not married and did not share the use of this vehicle with any other person.

15. There were no firearms of any type in Plaintiff's vehicle on January 6, 2011, or at any other time.

16. That there had been no passengers in Plaintiff's vehicle for at least 48 hours prior to January 6, 2011.

17. On January 6, 2011, Plaintiff left his last work appointment of the day at 'Looking Good Beauty Salon' at or about 106-08 Jamaica Avenue, Richmond Hill, New York at approximately 5:00 p.m. Upon leaving work and returning to the aforesaid vehicle, Plaintiff placed a cardboard box containing shampoos and peroxide hair coloring chemicals on the floor of the vehicle behind the driver's seat. There were no firearms in Plaintiff's vehicle and there were no firearms on top of this box.

18. Plaintiff drove from Richmond Hill to the home of his friend Gracia Vila at 359 Peninsula Boulevard in Lynbrook, NY where Plaintiff remained for about an hour. Plaintiff left Mrs. Vila's home at approximately 6:30 p.m. and proceeded to another friend's home in Queens County, that of Mrs. Ana Pardo. Plaintiff proceeded down the Belt Parkway, getting off at Exit 17 where he proceeded to Atlantic Avenue, ultimately becoming lost. Plaintiff, intending on calling Mrs. Pardo for directions, made a left hand turn onto Miller Avenue from Atlantic Avenue, in Kings County, and parked next to a five foot snow bank. Plaintiff was not blocking traffic or creating a hazard. Plaintiff did not see anything recovered or removed from his vehicle.

19. Plaintiff put his car into 'park' and searched for Mrs. Pardo's phone number in his cell-phone. Plaintiff was stopped at this location (which he later learned to be at or about 275 Miller Avenue in Kings County) for less than three minutes whereupon a police vehicle, with flashing lights, pulled up and stopped behind Plaintiff's vehicle. As Plaintiff dialed his cell phone, one officer exited the vehicle (said officer later determined to be Defendant VLADIMIR RAVICH) with a flashlight and came to ask the Plaintiff at the now open driver's side window of Plaintiff's vehicle, 'what he was doing,' to which Plaintiff responded "Sorry, I do not speak much English." Without justification or cause, this first officer grabbed the cell phone from the Plaintiff's hand and placed it on the roof of the car. Defendant VLADIMIR RAVICH then opened the door and unjustifiably ordered Plaintiff out of his vehicle. Plaintiff complied. Defendant VLADIMIR RAVICH called a second police officer out of the police vehicle. (Said officer later determined to be Defendant JOSE MALDONADO). VLADIMIR RAVICH then immediately began to search the front compartment of Plaintiff's vehicle.

20. Defendant officer JOSE MALDONADO, who was Spanish speaking, then took Plaintiff and threw him up against the side of the Plaintiff's vehicle whereupon Plaintiff was frisked and had the contents of his pockets forcibly removed. Among the items removed from Plaintiff's pockets were chap-stick, his wallet, and one prescribed medformin pill which Plaintiff takes to treat his diabetic condition. Plaintiff was asked what the pill was and Plaintiff responded that 'it was diabetes medication'. Plaintiff was then handcuffed and told he was going to be taken to a police precinct to 'find out what kind of pill was found and that this process would take two hours and then Plaintiff could go home'. Plaintiff was not read his Miranda rights, nor was he told that he was under arrest, but he was nonetheless handcuffed and placed in the backseat of the responding police car.

3

21. While Plaintiff waited in that police car, Defendant VLADIMIR RAVICH continued to search the Plaintiff's vehicle, opening up the front and back doors as well as the trunk as he rifled through the contents of the car. All contents in Plaintiff's car were lawful and related to Plaintiff's work as a hair dresser. The officer then placed the Plaintiff's cell phone inside Plaintiff's car and then placed the cardboard box that was on the floor of the vehicle (which contained shampoos and peroxide), into the Plaintiff's vehicle's trunk. Plaintiff was not asked, nor did he consent to any search of his motor vehicle or of any of the contents therein. The officer then got into Plaintiff's vehicle, drove it, and parked it on Miller Avenue further up the block. Plaintiff's vehicle was locked and left at this location. Both officers returned to their police vehicle without carrying anything and without retrieving anything from Plaintiff's vehicle. Nothing is stated to Plaintiff about any firearm or other contraband being in his motor vehicle. Nothing was taken from Plaintiff, or Plaintiff's motor vehicle, but the contents of Plaintiff's pockets.

22. Plaintiff is then taken to the 75th precinct where he was put in a locked holding cell and told he would be out in 2 hours. After two hours had passed without his release and closer to 1:00 a.m. the following morning, Plaintiff asked to make a phone call whereupon he was told by Officer Samantha Cabrera in the presence of another police officer that "he had to wait because he wanted to make a long distance call" -- (in this case Plaintiff wanted to call Nassau County at a 516 area code extension) and that he "was in trouble." Plaintiff replied "What for" whereupon Officer Cabrera (who is Spanish speaking) responded "you know why" and he said "I don't know" where she then said "they found a gun in your car". Plaintiff denied same and stated that "he had never held a gun in his life."

23. Plaintiff was detained until 6:00 a.m. on January 7, 2011 whereupon Plaintiff was taken with all others in the holding cell to the Kings County Courthouse after being fingerprinted and photographed. Only then was Plaintiff finally able to make one phone call to his landlord's daughter to state that he had been arrested. On January 7, 2011, Plaintiff herein pled not-guilty at his arraignment and had bail set at $10,000.00 which he could not make that day so he was sent to Riker's Island Correctional Facility. Plaintiff spent 6 days in jail prior to being released on $10,000.00 bond.

24. During his incarceration, Plaintiff was denied access to his regular diabetic medication. As a result, his blood sugar levels went to dangerous levels. Plaintiff fell into depression, considered suicide, and was sent to the psychologist at Rikers Island who prescribed twice daily insulin shots as well as his regular medication. Prior to this event, Plaintiff's blood sugar was under control and he did not require insulin shots but 2 to 3 days of neglect of the Plaintiff ruined his diabetic control. Plaintiff was further placed on suicide watch where he was woken up every two hours for the remainder of the period he spent on Riker's Island.

25. That there were no firearms in Plaintiff's vehicle on this, or any other date.

26. That any firearm alleged to have been found in Plaintiff's vehicle was planted there by Defendants VLADIMIR RAVICH and JOSE MALDONADO or was never present in or about Plaintiff's vehicle ad initio.

4

27. That there could be no other source for any firearm being present in Plaintiff's vehicle other than Defendants VLADIMIR RAVICH and Defendant JOSE MALDONADO.

28. That on account of same, Defendant RAVICH did not have probable cause to arrest the Plaintiff herein.

29. That on January 6, 2011, Defendant RAVICH caused arrest documents to be filed, and the Defendant to be arrested for felony possession of a firearm, in this case a .22 caliber silver handgun alleged to bear serial number N42618 which was invoiced and 'vouchered' into evidence by Officer Samantha Cabrera on behalf of Defendant RAVICH. (See annexed Exhibit 'A').

30. That said documents intentionally set forth false information attributing ownership and possession of the subject revolver to the Plaintiff herein from locating same in Plaintiff's motor vehicle and that said documents were maliciously and willfully filed by Defendant RAVICH against the Plaintiff herein so as to commence a prosecution of Plaintiff.

31. That on or about January 19, 2011, the Plaintiff was indicted under Kings County indictment number 274/2011 for the following charges: *P.L. 265.03[3]* – Criminal possession of a Weapon in the 2nd degree as Class C Felony and *P.L. 265.01[1]* = Criminal possession of a Weapon in the 4th degree as Class A Misdemeanor.

32. That on or about January 19, 2011, Defendant Officer VLADIMIR RAVICH gave testimony to the Kings County Grand Jury.

33. That, inter alia, Defendant Officer VLADIMIR RAVICH testified before the Grand jury as follows: "As I went towards the driver's side, I shined my light into the vehicle and I saw the revolver directly behind the driver on top of a box in unobstructed view." (A true copy of the Officer's testimony before the Grand jury is annexed hereto as Exhibit 'B').

34. That said testimony was false when made as there were no firearms in the Plaintiff's motor vehicle and that any firearm removed, or found in Plaintiff's vehicle was planted there by Defendants VLADIMIR RAVICH and Defendant JOSE MALDONADO.

35. That Defendant VLADIMIR RAVICH gave such testimony with the purposes of falsely securing the indictment of the Plaintiff, and that this testimony did intentionally, maliciously and falsely cause the indictment and prosecution of the Plaintiff.

36. That the presumption of probable cause stemming from the grand jury's indictment of the Plaintiff is rebutted because the indictment was procured by fraudulently planted evidence and intentionally false testimony before the Kings County Grand Jury.

37. That without the planting of evidence and the subsequent false testimony of Defendant VLADIMIR RAVICH to the Grand Jury, the Plaintiff herein would not have been arrested or indicted for the crimes set forth in indictment 274/2011.

38. Plaintiff subsequently appeared in Kings County Criminal Court on the following dates due to the planted evidence and false testimony of Defendants as follows:

   A. April 1, 2011;
   B. May 17, 2011;
   C. June 8, 2011;
   D. August 15, 2011;
   E. October 18, 2011;
   F. November 29, 2011;
   G. January 10, 2012;
   H. January 24, 2012;
   I. March 26, 2012;
   J. April 2, 2012;
   K. April 18, 2012;
   L. June 19, 2012;
   M. August 20, 2012;
   N. September 25, 2012;
   O. November 12, 2012;
   P. January 8, 2013;
   Q. March 5, 2013;
   R. April 17, 2013;
   S. April 24, 2013.

39. That during the aforesaid period and on or about January 11, 2011, the Chief Medical Examiner's office of the City of New York conducted DNA testing of and upon the subject .22 caliber revolver planted in the Plaintiff's vehicle which test obtained DNA samples pertaining to at least three persons.

40. That during the aforesaid period and upon motion by Plaintiff's attorney at that time, Kings County Criminal Court permitted and ordered on or about August 18, 2011 that the Plaintiff submit DNA material for testing and comparison with the DNA samples recovered from the subject .22 caliber revolver.

41. That the results of said test were provided by the Chief Medical Examiner's office to the Kings County District Attorney's office in a written report on or about September 15, 2011. Said report stated "Maynor Estrada is excluded as a contributor to the sample listed below – swabs of "22 S&W revolver serial #N42618." (See Exhibit 'C' annexed hereto).

42. That had Plaintiff handled, or carried the subject revolver, or had the subject revolver actually been in the possession of the Plaintiff, or in his vehicle, then a DNA match between Plaintiff and the alleged firearm would have been made.

43. That on or about 2013, the Plaintiff herein subsequently passed a polygraph test, the results of which were given to the Kings County District Attorney's office.

44. That on May 8, 2013, before Justice Elizabeth A. Foley of Kings County Supreme Court, Criminal Term, Assistant District Attorney Kerry Rowe dismissed the criminal complaint against Plaintiff stating: "Your Honor, at this point in time, the People move to dismiss this case in the interests of Justice. The defendant has passed a polygraph test. The DNA that was recovered from the gun did not match the defendant, so the People do move to dismiss." (A true copy of the Court transcript is annexed hereto as Exhibit 'D').

45. That obtaining a DNA match between the Plaintiff and the subject revolver was not even required for the King's County District attorney's office to obtain the conviction of a criminal defendant in circumstances where a handgun is alleged to have been found in a passenger vehicle owned, occupied and operated by one person at the time a gun is allegedly 'found' in plain view in the passenger compartment of said vehicle.

46. That notwithstanding same, the Kings County District Attorney's office dismissed the criminal action.

47. That the foregoing alone is indicative of the lack of credibility given by the District Attorney's office as to the Defendant's testimony concerning the finding of an alleged handgun.

48. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiff suffered injuries including but not limited emotional trauma, harm and distress, mental anguish, fear, embarrassment, humiliation, loss of liberty, loss of property, psychological injury and suffering.

## FIRST CAUSE OF ACTION
(FOURTH AMENDMENT – MALICIOUS PROSECUTION)

49. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "48" as if fully set forth hereat.

50. That the Defendants commenced a criminal proceeding against the Plaintiff.

51. That the criminal action commenced against the Plaintiff herein was terminated in favor of the Plaintiff.

52. That there was no probable cause for the arrest of the Plaintiff as Probable Cause was maliciously and willfully fabricated by Defendants by their actions set forth herein.

53. That the Defendants' deliberate and reckless falsehoods violated the Plaintiff's Fourth Amendment protection to be free from malicious prosecution and unreasonable seizure.

54. That the Defendant officers are therefore not entitled to the defense of 'Qualified Immunity' as the indictment of the Plaintiff was procured by planting evidence and knowingly filing documents containing false information and perjured testimony before the Grand Jury.

55. That the foregoing was done with actual malice so as to cause the prosecution of the Plaintiff - and that Defendants acted with something other than the desire to see the ends of justice served in doing so.

56. That the foregoing caused the seizure and detention of the Plaintiff.

7

57. Defendants subjected Plaintiff to false arrest, pre-trial detention and deprivation of liberty without probable cause.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000) Dollars;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000) Dollars;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: June 3, 2015
Carle Place, New York

/s/
Patrick C. Carroll, (PCC-1971)
One Old Country Road, Suite 125
Carle Place, NY 11514
Ph. 516.424.9102
Fx. 516-342-5624
Patrick.carroll.law@gmail.com
Attorney for Plaintiff

8